UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:20-cr-184-TPB-TGW

JOSE LUIS BECERRA QUINONES,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S
"MOTION TO REDUCE SENTENCE UNDER RULE 35(B)"**

This matter is before the Court on Defendant Jose Luis Becerra Quinones's "Motion to Reduce Sentence Under Rule 35(b)," filed *pro se* on March 25, 2024. (Doc. 139). On April 8, 2024, the Court directed the United States to respond to the motion. (Doc. 142). On April 22, 2024, the Government filed its response. (Doc. 145). After reviewing the motion, response, case file, and the record, the Court finds as follows:

On May 14, 2020, while on routine patrol in the Pacific Ocean, a Marine patrol aircraft detected a vessel in international waters, approximately 87 nautical miles southwest of the Azuero Peninsula of Panama. Four individuals, including Defendant, were inside the vessel. The boarding team found one bale in the crew compartment of the vessel, which later tested positive for cocaine. After removing a section of fiberglass, the boarding team recovered many more bales inside a hidden compartment – specifically, around 59 bales totaling around 1,412 kilograms of cocaine.

Subsequently, a federal grand jury returned a two-count indictment charging Defendant with conspiracy and possession with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States.  In November 2020, Defendant pleaded guilty to conspiracy through plea agreement.  As part of his plea agreement, Defendant agreed to and acknowledged terms regarding "substantial assistance," including that "the determination as to whether 'substantial assistance' has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that [he] cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise." (Doc. 63 at ¶ 9).

On August 9, 2018, the Court sentenced Defendant to 96 months of imprisonment on Count 1, followed by 24 months of supervised release.  (Docs. 119; 122; 123).  Count 2 was dismissed in accordance with the plea agreement. Defendant received a downward variance, so his sentence was substantially below his recommended guideline sentence of 168 to 210 months.  (Doc. 112 at ¶ 63).

In his motion, Defendant requests that the Court require the Government to move for a Rule 35 sentence reduction. Defendant alleges that he provided substantial assistance to the United States, but the Government has declined to file a Rule 35 motion on his behalf.

After reviewing the applicable law and facts presented here, the Court finds that Defendant is not entitled to relief.  Under Rule 35(b), "upon the government's motion," a court may reduce a sentence if the defendant has provided "substantial

assistance" in investigating or prosecuting another person. Fed. R. Civ. P. 35(b)(1). But determining whether to file a motion under this rule is reserved to the United States. *See id.*; *United States v. Orozco*, 160 F.3d 1309, 1315-16 (11th Cir. 1998) (citing *Wade v. United States*, 504 U.S. 181, 185-86 (1992)). This decision is discretionary, and a district court may only review a prosecutor's decision to refuse to file a Rule 35 motion when the refusal is based on an unconstitutional motive, like race or religion. *See Wade*, 504 U.S. at 185. "[A] claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive." *See id.* at 186; *see also United States v. Mignott*, 278 F. App'x 997, 999 (11th Cir. 2008); *United States v. Castillo-Romero*, No. 8:09-cr-571-T-17MAP, 2018 WL 10854580, at *3 (M.D. Fla. Oct. 23, 2018).

Defendant only summarily claims that he provided the Government with substantial assistance and information. He has completely failed to allege or prove that the Government acted with an unconstitutional motive by not filing a Rule 35 motion. Defendant has therefore failed to show that judicial review of the Government's decision is appropriate. Consequently, the motion is **DENIED**.

**DONE AND ORDERED** in Chambers, in Tampa, Florida, this 24th day of April, 2024.

TOM BARBER
UNITED STATES DISTRICT JUDGE